UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:17-cv-23154-FAM

HARVEY A. BUCHHOLZ,

    Plaintiff,

v.

AVENTURA BEACH ASSOCIATES, LTD., a
Florida Limited Partnership, d/b/a MARCO
POLO BEACH RESORT,

    Defendant.
_____/

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH INCORPORATED MEMORANDUM OF LAW**

    COMES NOW, Defendant, AVENTURA BEACH ASSOCIATES, LTD., operating as RAMADA PLAZA MARCO POLO BEACH RESORT, and incorrectly named in Plaintiff's Complaint as AVENTURA BEACH ASSOCIATES, LTD., a Florida Limited Partnership, d/b/a MARCO POLO BEACH RESORT (hereinafter "Defendant"),[1] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and in accordance with Local Rule 7.1, hereby files this Motion to Dismiss Plaintiff's, HARVEY A. BUCHHOLZ (hereinafter "Plaintiff"), Complaint with Incorporated Memorandum of Law, and in support thereof, states as follows:

---

[1] The Defendant will respond to the Complaint as if the Plaintiff correctly named the Defendant.

**COLE, SCOTT & KISSANE, P.A.**
110 TOWER – 110 S.E. 6th STREET, SUITE 2700 – FT. LAUDERDALE, FLORIDA 33301 (954) 703-7300 (954) 703-3701 FAX

## INTRODUCTION AND SUMMARY OF ARGUMENT

This case arises out of the purported inaccessibility of a website allegedly owned and operated by Defendant. [*See generally* D.E. 1.] Specifically, in his Complaint, Plaintiff claims that the alleged inaccessibility of marcopolobeachresort.com ("the Website") is a violation of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et seq*. [*See id*. at 2, ¶ 7.] Plaintiff alleges he is blind and qualifies as an individual with disabilities as defined by the ADA [Id. at 1, ¶ 1], and, therefore, Plaintiff is purportedly unable to read computer material and/or access and comprehend website information without software specifically designed for the visually impaired. [Id. at ¶ 2.] Specifically, Plaintiff alleges that he utilizes the JAWS Screen Reader software, which Plaintiff claims is one of the most popular Screen Reader Software ("SRS") systems utilized in the world. *Id*.

Additionally, Plaintiff alleges that, subsequent to the effective date of the ADA, Defendant constructed, or caused to be constructed, the Website, and further maintains that the Website is an extension of Ramada Plaza Marco Polo Beach Resort ("Ramada Plaza"), a resort and hotel purportedly owned and operated by Defendant. [*Id*. at 2, ¶ 4-5.] Plaintiff alleges that Ramada Plaza is a place of public accommodation as defined under the ADA. [*See id*. at ¶ 4.] To that end, Plaintiff alleges that "[the Website] provides information about Defendant's public accommodation, including information about the goods, services, accommodations, privileges, benefits and facilities available to patrons." [*Id*. at ¶ 5.]

Additionally, Plaintiff alleges, that as the owner and operator of the Website, Defendant is "required to comply with the ADA and the provisions of [42 U.S.C § 12182, *et seq*.]." [*Id*. at 5, ¶ 9.] Based on the foregoing, Plaintiff claims that this includes "an ***obligation to create and***

*maintain a website* that is accessible to and usable by visually impaired persons so that they can enjoy full and equal *access to the [W]ebsite and the content therein.*" *Id*. (emphasis added). Further, Plaintiff alleges that he has "attempted to *access and/or utilize [the Website]*, but was unable to, and continues to be unable to, enjoy full and equal *access to the [W]ebsite and/or understand the content therein* because numerous portions of the [W]ebsite do not interface with and are not readable by SRS." [*Id*. at 5, ¶ 10] (emphasis added). In particular, Plaintiff alleges that one feature of the Website is not fully readable and/or compatible with SRS.[2] *Id*. Indeed, Plaintiff claims that this alleged incompatibility is in violation of the ADA, and further asserts that he "*desires to access the [W]ebsite* to avail himself of the benefits, advantages, goods and services therein, and/or to assure himself that [the Website] is in compliance with the ADA so that he and other similarly situated will *have full and equal enjoyment of the [W]ebsite* . . . ." [*Id*. at 8, ¶ 16] (emphasis added).

For all that, however, the Complaint fails to state a claim upon which relief can be granted for any alleged violation of the ADA for the following reasons: 1) the Website is not a physical, concrete structure, as required to be considered a place of public accommodation and to state a claim under Title III of the ADA; 2) there is no basis to expand the ADA's application to the Website because Plaintiff has not alleged the required nexus between the Website and Defendant's place of public accommodation within the Complaint; 3) Plaintiff has failed to set forth sufficient factual allegations to support that his full and equal enjoyment and access to Ramada Plaza has

---

[2] Plaintiff alleges that "[the Website] contains graphics, links, headings, functions, forms and text with information that is not fully readable and/or compatible with SRS." [*Id*. at 5, ¶ 10.] Plaintiff, however, fails to set forth any sufficient factual allegations to support this claim, and he blatantly fails to name or list any specific portion of the Website that supports the aforementioned allegation.

been impeded because of any alleged inaccessibility of the Website; and 4) Defendant has no obligation to create and maintain a website that is accessible to and usable by visually impaired persons; additionally, if Defendant does create and maintain a website, then Defendant must only ensure that Plaintiff's access to Ramada Plaza is not prevented by any actual impediment. Accordingly, Plaintiff's Complaint fails to state a claim for violation of the ADA, and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

## MEMORANDUM OF LAW AND ARGUMENT

### I.     LEGAL STANDARD FOR GRANTING A RULE 12(b)(6) MOTION TO DISMISS

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss should be granted for a plaintiff's "failure to state a claim upon which relief can be granted." *McElrath v. ABN AMRO Mortg. Group, Inc.*, 2012 U.S. Dist. LEXIS 17361, at *3 (S.D. Fla. Feb. 13, 2012). A motion to dismiss for failure to state a claim upon which relief can be granted is proper when a claim is not adequately stated as to allege the proper elements of the cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff's complaint need not contain detailed factual allegations, however, the plaintiff has an obligation to provide the grounds of his entitlement to relief, and "that obligation requires more than labels and conclusions or a formulaic recitation of the elements of a cause of action." *Id*. ("Factual allegations must be enough to raise a right to relief above the speculative level."). If the court can only infer "the mere possibility of misconduct" from the complaint, the plaintiff has not shown an entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

When considering whether a complaint should be dismissed, the court accepts the facts alleged in the complaint as true, and construes all reasonable inferences in the light most favorable

to the plaintiffs. *Gomez v. Bang & Olufsen Am. Inc.,* 2017 U.S. Dist. LEXIS 15457, at *4 (S.D. Fla. Feb. 2, 2017). However, mere conclusory allegations are not entitled to an assumption of truth. *Ashcroft,* 556 U.S. at 663. Therefore, a court should grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1774 (11th Cir. 1993).

## II. PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Title III of the ADA prohibits discrimination by private entities in places of public accommodation as follows:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a).

The above statute identifies 12 specified categories of "public accommodation." They include, inter alia: ***inns, hotels or other places of lodging***; restaurants, bars or other establishments serving food or drink; motion picture houses, theaters or other places of exhibition or entertainment; auditoriums, convention centers or other places of public gathering; grocery stores, shopping centers or other sales or rental establishments; laundromats, dry cleaners, banks, or other service establishments; specified public transportation terminals; museums, libraries, or other places of public display or collection; parks and zoos; schools; day care centers; and places of exercise or recreation. 42 U.S.C. § 12182(a)(7) (emphasis added).

Within Plaintiff's Complaint, Plaintiff alleges the Website is an extension of Defendant's place of public accommodation (i.e., Ramada Plaza) and, as such, the Website's control and maintenance is governed by the provisions of 42 U.S.C. § 12182, *et. seq.* [D.E. 1 at 2-4, ¶ 8.] Significantly, however, Plaintiff does not cite to any existing statute or regulation in support of his contention that the requirements of Title III of the ADA are applicable to the Website.[3] In addition, Plaintiff's Complaint fails to assert any factual allegations that connect the Website to the actual, physical, concrete structure of Ramada Plaza. [*See generally id*.] Indeed, Plaintiff's only allegation related to the connection between the Website and Ramada Plaza is the following conclusory statement:

> The [W]ebsite is an extension of Defendant's place of public accommodation. By and through [the Website], Defendant extends its public accommodation into individual persons' homes and personal computers wherever located. The [W]ebsite is a service, facility, privilege, advantage, benefit and accommodation of Defendant's place of accommodation.

[*Id*. at 2-3, ¶ 8.]

Notwithstanding the foregoing, as this Court is aware, legal conclusions are not entitled to an assumption of truth. *See Ashcroft,* 556 U.S. at 663. Moreover, not once throughout the entirety of the Complaint does Plaintiff allege that he intends to access the actual, physical structure of Ramada Plaza. [*See generally* D.E. 1.] Instead, and tellingly, Plaintiff merely alleges he is unable to access the Website and utilize its features. [*See id*. at 5, ¶ 10.] In light of the foregoing, it is

---

[3] The Department of Justice ("DOJ") has not yet even issued guidance on Title III of the ADA relating to websites. In light of the limited scope of the ADA, as more fully described herein, it is not clear when or even if any such guidelines will be forthcoming.

readily apparent Plaintiff seeks access solely to the Website itself and, for all intents and purposes, is alleging that the Website is itself a place of public accommodation.[4]

Directly on point is *Gomez*, where the plaintiff, an allegedly legally blind individual, brought suit against the owner of a chain of audio equipment stores for a purported violation of Title III of the ADA stemming from the defendant's website. *Gomez*, 2017 U.S. Dist. LEXIS 15457, at *1. Specifically, the plaintiff alleged the defendant's website was not compatible with any screen reader software and, as a result, the website was inaccessible to visually-impaired individuals. *Id*. at *1-3. In response to the plaintiff's complaint, the defendant in *Gomez* moved to dismiss same, arguing that a website is not a place of public accommodation. *Id*.

Ultimately, the Court held that a website does not fit the definition of a public accommodation for purposes of Title III of the ADA and that a website is not covered by the ADA unless the website's inaccessibility impedes the plaintiff's access to a specific, physical, concrete structure and the plaintiff establishes some nexus between the website and the physical, concrete establishment.[5] *See id*. at *10; *see also Access Now, Inc. v. Southwest Airlines, Co.*, 227 F. Supp.

---

[4] Specifically, Plaintiff alleges that he has "attempted to access and/or utilize [the Website], but was unable to, and continues to be unable to enjoy full and equal access to the [W]esbite and/or understand the content therein." [D.E. 1, at 5, ¶ 10.] Plaintiff further alleges that he "continues to attempt to utilize the [W]ebsite and/or plans to continue to attempt to utilize the [W]ebsite in the near future," and "[i]n the alternative, Plaintiff intends to monitor the [W]ebsite in the near future, as a tester, to ascertain whether it has been updated to interface properly with SRS." [*Id*. at 7, ¶ 12.]

[5] In determining whether the Southern District recognizes a website as a place of public accommodation, Judge Lenard considered a vast range of district court holdings that had previously confronted this issue. *See Jancik v. Redbox Automated Retail, LLC.*, No. SACV 13-1387-DOX (RNBx), 2014 U.S. Dist. LEXIS 67223, 2014 WL 1920751, at *8-9 (C.D. Cal. May 14, 2014) (holding a website was not a place of public accommodation because it was not a physical space); *Anderson v. Macy's Inc.*, No. 2:12-CV-00556, 2012 U.S. Dist. LEXIS 108569, 2012 WL 3155717, at *4 (W.D. Pa. Aug. 2, 2012) ("Since a website is not a physical accommodation, the Title III claim . . . must be dismissed.").

2d 1312, 1321 (S.D. Fla. 2002) (granting defendant's motion to dismiss because plaintiff failed to establish a nexus between the website, southwest.com, and any restriction on the full enjoyment of a physical, concrete place of public accommodation).

In addition, the Court in *Gomez* noted that the plaintiff's complaint was void of any indication that the plaintiff actually intended to visit or access the defendant's physical, concrete location, stating:[6]

> Plaintiff's grievance seems to be that Defendant's website does not provide a blind person with the same online-shopping experience as non-disabled persons. However, the ***ADA does not require places of public accommodation to create full service websites for disabled persons***. In fact, the ***ADA does not require a place of accommodation to have a website at all***. All the ADA requires is that, if a retailer chooses to have a website, *the wesbite cannot impede a disabled person's full use and enjoyment of the brick-and-mortar store*. ***To survive a motioin to dismiss, Plaintiff must claim an actual (not hypothetical) impediment to the use of Defendant's retail location***.

*Id*. at *13 (emphasis added).

In the instant case, the Website is not a physical, concrete structure, as required to be considered a place of public accommodation and to state a claim under Title III of the ADA. In addition, and pursuant to *Access Now*, there is no basis to expand the ADA's application to the Website because Plaintiff has not alleged the required nexus between the Website and Ramada Plaza. Pursuant to *Gomez*, Defendant has no obligation to create and maintain a website that is accessible to and usable by Plaintiff. Although Plaintiff claims Defendant created and maintained

---

[6] Analogous to *Gomez*, in this case Plaintiff has failed to present any factual allegations that support that there was an actual impediment to Plaintiff's ability to visit Ramada Plaza. Additionally, Plaintiff sets forth no factual allegations that demonstrate how the Website prevented or continues to prevent his access to Defendant's physical location or the goods and services offered therein.

the Website, even if true, Defendant only needs to ensure that Plaintiff's access to Ramada Plaza is not prevented by any actual impediment. As in *Gomez*, Plaintiff has failed to assert any factual allegations whatsoever that would demonstate the purported inaccessibility of the Website was an "actual impediment" to Plaintiff's full use and enjoyment of Ramada Plaza. In fact, Plaintiff has not even alleged that Plaintiff ever intended to or, at some point in the future, intends to access Ramada Plaza. Accordingly, because a website is not a place of public accommodation for purposes of Title III of the ADA and Plaintiff has completely failed to allege that the Website's purported inaccessessbility has impeded his access to Ramada Plaza, this Court, respectfully, should dismiss Plaintiff's Complaint as Plaintiff fails to state a claim upon which relief can be granted.

WHEREFORE, Defendant, AVENTURA BEACH ASSOCIATES, LTD., operating as RAMADA PLAZA MARCO POLO BEACH RESORT, respectfully requests that this Honorable Court enter an Order granting this Motion and dismissing Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, along with any other relief this Court deems just and proper in light of the foregoing.

Case No.: 1:17-cv-23154-FAM

Dated: October  23, 2017

                              Respectfully submitted,

                              By: <u>s/ Scott A. Bassman</u>
                                  Scott A. Bassman, Esq. (Florida Bar Number: 232180)
                                  Attorney E-mail address: scott.bassman@csklegal.com
                                  COLE, SCOTT & KISSANE, P.A.
                                  110 Tower
                                  110 S.E. 6th Street, Suite 2700
                                  Ft. Lauderdale, Florida 33301
                                  Telephone: (954) 703-3703
                                  Facsimile: (954) 703-3701
                                  Attorney for Defendant,
                                  *AVENTURA BEACH ASSOCIATES, LTD.,*
                                  *operating Ramada Plaza Marco Polo Beach Resort*

## **<u>CERTIFICATE OF SERVICE</u>**

      I HEREBY CERTIFY that I electronically filed a true and correct copy of the foregoing document on October 23, 2017, with the Clerk of Court using CM/ECF, which will send a notice of electronic filing to: Ronald E. Stern, Esq., ronaldsternlaw@gmail.com, The Advocacy Law Firm, P.A., 1250 E. Hallandale Beach Blvd., Suite 503, Hallandale, Florida 33009.

                              By:  <u>s/Scott A. Bassman</u>

                                  Scott A. Bassman

SAB